[Civ. No. 24293.  Second Dist., Div. Three.  Oct. 18, 1960.]

Estate of WALTER WRIGHT, Deceased. LUCY M. QUIGLEY et al., Appellants, v. EVA CASSIDY et al., Respondents.

John E. Sisson for Appellants.

George W. Rochester for Respondents.

SHINN, P. J.—This is a contest in a proceeding to determine interests in the estate of Walter Wright between the heirs at law of Nellie Wright, who predeceased her husband Walter, and the heirs at law of Walter, who died some six years after the death of Nellie. The property involved consists of certain money in bank, a parcel of real property with improvements, including a four-room house, a gas station and a streetcar converted into a café, with its equipment and the inventory and supplies of the café. With minor exceptions, of no materiality on the appeal, all the property in the estate of Walter was originally the separate property of Nellie and came to Walter as her surviving joint tenant. Walter left no spouse or issue and no will.

Pursuant to section 229 of the Probate Code, since Walter died intestate and left no spouse or issue, all the property which was originally owned by Nellie as her separate property, and which came to Walter as surviving joint tenant, was distributable to the heirs at law of Nellie. Any separate property of Walter, which did not come to him from Nellie as her surviving joint tenant or otherwise, was distributable to his heirs at law. Any property which was originally the community property of Nellie and Walter, and came to Walter as such, was distributable one-half to the heirs of Nellie and one-half to the heirs of Walter.

After the death of Nellie, Walter collected rentals from the gas station, which were found to have the same status as the real property which had come to Walter as surviving joint tenant. This finding is not questioned by anyone. There were deposits in separate banks of $2,241.90 and $1,505.50 as balances of rentals of the gas station collected by Walter. A finding of these facts is not questioned.

The court found that from the time of Nellie's death in 1950 until Walter's death six years later, Walter operated the café and managed the real property, and that "for said operating services and management" $1,440 should be deducted from the total amount that had been collected as rentals of the real property. The court found that the real property and other specific items of the total value of some $24,054.64 constituted property that had come to Walter as surviving joint tenant, and the same is vested in the heirs at law of Nellie subject to administration. Property of the value of some $3,092.91, including the $1,440, is vested in the heirs of Walter subject to administration.

The heirs of Nellie have appealed from the provision of the

decree that $1,440 should be deducted from the cash on hand as Walter's separate property for his services in managing the property after the death of Nellie and from a minor provision, objection to which is now waived. There is extensive argument in the briefs with respect to the item of $1,440.

It was overlooked at the trial and is not mentioned in the briefs that from the date of Nellie's death Walter was the sole, outright and unconditional owner of all the property which had stood in the names of himself and Nellie as joint tenants and had come to him as such. Whatever services he rendered in the management of the property were rendered for himself and for no one else. Under no theory could he have claimed, nor can his heirs claim, compensation for those services from anyone else. It was error to deduct anything from the shares of appellants on that account.

[■■] It is contended by appellants that there is uncertainty in a finding that the "Inventory and Supplies" of the café were community property in that the finding may be construed as including the café building, seats and refrigerator. The "Inventory and Supplies" were appraised at $350. No one could give the finding such an unreasonable construction as appellants suggest. Respondents make no such claim.

The decree is reversed with respect to the allowance of the item of $1,440 and otherwise is affirmed; costs to appellants.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied November 4, 1960, and respondents' petition for a hearing by the Supreme Court was denied December 14, 1960.